DOWNING, J.,
dissents in part and agrees in part.
Li respectfully dissent insofar as the majority affirms the grant of summary judgment in favor of Ollie Steele Burden Manor, Inc. (OSBM) and against the plaintiffs. From the evidence filed in connection with the motion for summary judgment, it is clear that OSBM was collecting from Mr. Rachal for a debt that OSBM, not Mr. Rachal, owed. OSBM is, therefore, bound to restore the money paid. La. C.C. art. 2299 provides that “[a] person who has received a payment or a thing not owed to him is bound to restore it to the person from whom he received it.” La. C.C. art. 2300 provides that “[a] thing is not owed when it is paid or delivered for the discharge of an obligation that does not exist.”
Perhaps OSBM could have increased its charges to cover the cost of the occupied bed fee, but it did not. Rather, it imper-missibly and explicitly passed the fee on to its patients. As the majority notes, the fee adopted and imposed by the Louisiana Department of Health and Hospitals is to be imposed upon all nursing facilities or nursing homes, and not upon their patients.
^Accordingly, as a matter of law, OSBM was not entitled to entry of summary judgment in its favor.
I agree with the majority, however, that the Department was entitled to summary judgment in its favor, dismissing it from the litigation. The Department was paid by OSBM fees that OSBM owed to it. As the majority notes, this is not a case where the plaintiffs paid the Department directly for a debt OSBM owed, and there is no evidence that the Department acted in bad faith. The plaintiffs have no legal basis for recovery from the Department.
Accordingly, I respectfully dissent in part and agree in part.